SWANCY v. FINCH et al. (No. 2297.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 2, 1920. Rehearing Denied Dec. 23, 1920.)

Appeal and error ⊚⟞907(3)—In absence of statement of facts, evidence presumed sufficient.

In the absence of a statement of facts, appellate court must presume that the evidence was sufficient to support the facts as found by the trial court.

Appeal from District Court, Gregg County; Chas. L. Brachfield, Judge.

Suit by William Swancy against Mrs. J. L. Finch, administratrix of the estate of J. L. Finch, deceased, and others. Judgment for defendants, and the plaintiff appeals. Affirmed.

F. B. Martin, of Longview, for appellant. Young & Stinchcomb, of Longview, for appellees.

HODGES, J. In April, 1917, the appellant filed this suit in the form of an action of trespass to try title to recover a tract of land situated in Gregg county. The suit was against Mrs. J. L. Finch, administratrix of the estate of J. L. Finch, deceased. G. T. Merrill was made a party defendant, and judgment sought against him for the sum of $80 upon the ground that he had warranted to the plaintiff the title to the property in controversy. Mrs. Finch, administratrix, was joined by several others, presumably heirs of J. L. Finch, deceased, in an answer pleading the general issue and also the five and ten year statutes of limitation. In addition to that, they pleaded a former judgment rendered against the appellant and in favor of their vendor.

It is not necessary to notice Merrill's pleadings, inasmuch as he is not involved in this appeal.

The case was tried before the court without a jury, and this appeal is from a judgment in favor of Mrs. Finch and her codefendants. Judgment was also rendered in favor of Merrill, from which there is no appeal.

The following is, in substance, the findings of fact filed by the trial judge: Kent Fury was the common source of title. Fury conveyed the land to Merrill in May, 1891, by a deed properly recorded. One year later Merrill conveyed it to the appellant, Swancy. That deed was recorded in October following. The purchase by Swancy was made at the request of Fury in order that he (Fury) "could work the same out and by such work pay Swancy the consideration." In 1893 Swancy sued Fury in the district court of Gregg county for the possession of the land. Judgment was rendered in favor of Fury awarding him the possession. In July, 1908, Fury, by a warranty deed, conveyed the property to J. L. Finch. In August following that deed was recorded; and all taxes on the land have been paid since that date. Fury, or his family for him, had used and occupied the premises adversely to every one from the date of the deed from Barnett, Fury's grantor, in 1887, to the date of the deed from Fury to J. L. Finch, covering a period of more than 20 years. Finch died in 1913. His wife and five children named as defendants survive him and succeeded to all of his rights in the property in controversy. Finch and his wife and children have used and occupied the land adversely to every one since the date of the deed to Finch in July, 1908. That deed fully describes the land in controversy; and all taxes thereon have been paid when due. Swancy never made any claim to the land or to the revenues therefrom after May 7, 1893. Immediately after his suit against Fury he filed another suit against Merrill for the recovery of $80 paid Merrill for the land at the time of the transfer from Merrill. A judgment was entered in that suit in favor of Merrill after a trial thereof, and that judgment was never reversed or appealed from.

Upon those findings the court based his judgment in favor of the defendants.

What appears in the record as the statement of facts does not purport to contain any facts proved upon the trial, except the judgment relied on by the Finch heirs to support their plea or res adjudicata. That statement contains the following:

"Plaintiff adopts the findings of fact by the court except as to the judgment of the district court heretofore rendered May 17, 1893, which involves the land in controversy, and agrees that the title was proved in the common source. But did title pass out of William Swancy in the judgment of 1893?"

Then follows a copy of the judgment referred to. One of the assignments challenges the sufficiency of that judgment to constitute a bar to this suit. Two other assignments complain of the insufficiency of the evidence to support the finding of the court on the issue of limitation. We may concede that the trial court erred in holding that the former judgment was a bar to this suit, but the judgment appealed from must be affirmed upon his findings on the defense of limitation. In the absence of a statement of facts, we must presume that the evidence was sufficient to support the facts as found by the trial court. The judgment is affirmed.